MARCUS W. KELLEY JR. 87331
Name

P.O. BOX 2, 301 E. KANSAS AVE.

LANSING, KANSAS  66043-0002
Address

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Marcus W. Kelley Jr, Plantiff
(Full Name)

V.

Renda Craft, Defendant(s)

CASE NO. 15-3080-SAC-DJW
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983
JURY TRIAL DEMAND

### A. JURISDICTION

1) Marcus W. Kelley Jr, 87331, is a citizen of Kansas
   (Plaintiff)                                    (State)

   who presently resides at P.O. Box 2, 301 E. Kansas ave.
                            (Mailing address or place
   Lansing Correctional Facility.
   of confinement.)

2) Defendant Renda Craft is a citizen of
             (Name of first defendant)

   Lansing, Kansas, and is employed as
   (City, State)

   Religious Secretary. At the time the
   (Position and title, if any)

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

   Please see page 2(A).

page 1 (A)

**DEFENDANTS**

Renda Craft
Religious Secretary
Lansing Correctional Facility
Individual capacity

Richard Dunn
Maximum Chaplin
Lansing Correctional Facility
Individual capacity

Bill Shipman
Deputy Warden (Support Services)
Lansing Correctional Facility
Individual capacity

Rex H. Pryor
Warden
Lansing Correctional Facility
Individual capacity

Raymond Roberts
Secretary of Corrections
900 S.W. Jackson, 4th. Floor
Topeka, Kansas 66612

page 2(a)

## A. JURISDICTION

<u>Defendant, Renda Craft,</u> is a citizen of the state of Kansas, employed as a Religious secretary by the Kansas Department of Corrections at Lansing Corr. Facility, 301 E. Kansas Ave, Lansing, Kansas, 66043. At the time claims in this complaint arose Mrs. Craft was acting under color of state law. Mrs. Craft had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

<u>Defendant, Richard Dunn,</u> is a citizen of the state of Kansas, employed as a Maximum chaplin by the Kansas Department of Corrections at Lansing Corr. Facility, 301 E. Kansas Ave, Lansing, Kansas, 66043. At the time claims in this complaint arose Mr. Dunn was acting under color of state law. Mr. Dunn had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

<u>Defendant, Bill Shipman,</u> is a citizen of the state of Kansas, employed as a Deputy Warden by the Kansas Department of Corrections at Lansing Corr. Facility, 301 E. Kansas Ave, Lansing, Kansas, 66043. At the time claims in this complaint arose Mr. Shipman was acting under color of state law. Mr. Shipman had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

<u>Defendant, Rex H. Pryor,</u> is a citizen of the state of Kansas, employed as a Warden by the Kansas Department of Corrections at Lansing Corr. Facility, 301 E. Kansas Ave, Lansing, Kansas, 66043. At the time Claims in this complaint arose Mr. Pryor was acting under color of state law. Mr. Pryor had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

2(b)

<u>Defendant, Raymond Roberts,</u> is a citizen of the state of Kansas, employed as Secretary of Corrections by the Kansas Department of Corrections, 900 S.W. Jackson, Suite 400, Topeka, Kansas, 66612. At the time the claims in this complaint arose Mr. Roberts was acting under color of state law. Mr. Roberts, had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

3) Defendant <u>Bill Shipman</u> is a citizen of
      <u>(Name of second defendant)</u>

<u>Lansing, Kansas</u>, and is employed as
   <u>(City, state)</u>

<u>Deputy Warden</u>. At the time the
   <u>(Position and title, if any)</u>

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

<u>Please see page 2(a)</u>

<u>additional defendants on pages 2(a) (b)</u>

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)
<u>Jurisdiction is also invoked pursuant 42 U.S.C. 2000 cc-(b) (1),</u>
<u>2 and 3.</u>

## B. NATURE OF THE CASE

1) Briefly state the background of your case:
<u>Please see pages 2(c,d,e)</u>

page 2(c)

## B. NATURE OF THE CASE

1. THIS CHURCH HAS BEEN COMING INTO LANSING CORR. FACILITY, FOR 10 YEARS, AND THIS IS THE THIRD TIME TRUTH TABERNACLE CHURCH HAS BEEN FORCED OUT. (SEE EXHIBIT A).
2. APPROXIMATELY AROUND MARCH OR APRIL OF 2013, PLAINTIFF FILED A GRIEVANCE AGAINST RENDA CRAFT, THE INITIAL DEFENDANT IN THIS GRIEVANCE. (SEE EXHIBIT B).
3. MR. TILLMAN, WAS ALSO THE ACTING UNIT TEAM IN B-2 CELLHOUSE, WHO HELPED INSIST PLAINTIFF'S ISSUES. HOWEVER, HE IS NOW RETIRED.
4. RENDA CRAFT, NEVER ANSWERED MY GRIEVANCE OR EVEN GIVEN PLAINTIFF A RESPONSE FORM, BUT MR. TILLMAN, REFERRED ME TO CHAPLIN RICHARD DUNN.
5. ON 4-12-2013, PLAINTIFF FILED A RELIGIOUS <u>ACCOMMODATIONS FORM</u> AND TURNED IT OVER TO MAX. CHAPLIN RICHARD DUNN. (SEE EXHIBIT C).
6. MR. DUNN, FILED THE <u>IMPP 10-110 RELIGIOUS ACCOMMODATIONS</u> AND SENT IT TO THE DIRECTOR OF RELIGIOUS AND MENTORING PROGRAM(ER), GLORIA GEITHER. (SEE EXHIBIT D).
7. IN THE PROCESS, GLORIA GEITHER, SENT PLAINTIFFS KELLEY AND RUFF, LETTERS. ON 1-14-2014, BUT RECEIVED LETTERS ON 4-15-2014. (SEE EXHIBIT E).
8. PLAINTIFF HAS AN AFFIDAVIT OF NAMES AND A STATEMENT OF FAITH. (SEE EXHIBIT F).
9. PLAINTIFF'S CHURCH PASTOR SENT A LETTER. (SEE EXHIBIT A).
10. DEFENDANTS DISREGARDED THE LETTER. (SEE EXHIBIT B).
11. PLAINTIFFS RUFF AND KELLEY, FORMED -9 CHAPLIN'S OFFICE, ON 4-17-2014, ABOUT GLORIA GEITHER'S LETTER, BUT CHAPLIN STILL DISREGARDED TO SEPARATE OUR FAITH. (SEE EXHIBIT E).
12. RENDA CRAFT IS THE INITIAL DEFENDANT WHOM BEGAN THESE ACTIONS; TRUTH TABERNACLE CHURCH VOLUNTEERS, AND OUR CALLOUT.
13. RENDA CRAFT IS MARRIED TO CHAPLIN ALMOND HERE AT LANSING CORRECTIONAL FACILITY.
14. RENDA CRAFT IS THE MEDIUM'S FACILITY RELIGIOUS SECRETARY AND NOT A MAXIMUM CHAPLIN.
15. RENDA CRAFT ABUSED HER AUTHORITY BY INFLUENCING MR. DUNN TO KICK OUT TRUTH TABERNACLE CHURCH. (SEE EXIHIBT F).

page 2(d)

16. RENDA CRAFT THEN TOLD TRUTH TABERNACLE CHURCH VOLUNTEERS TO CHANGE THEIR DOCTRINE.
17. RICHARD DUNN IS THE MAXIMUM PRISON CHAPLIN.
18. RICHARD DUNN IS THE CHAPLIN WHO KICKED OUT TRUTH TABERNACLE CHURCH AND STOPPED PLAINTIFF FROM HIS RELIGION.
19. RICHARD DUNN NEVER SEPARATED PLAINTIFF'S CALLOUT FROM THE PROSTESTANTS.
20. RICHARD DUNN NEVER ALLOWED PLAINTIFFS RUFF AND KELLEY TO REPRESENT THIS CHURCH OR OPEN THEIR CALLOUT. (SEE EXHIBIT E).
21. DUNN TRIES CONVERTING PLAINTIFFS TO BELIEVE IN DEFENDANTS FAITH-AGE. (SEE EXIHIBIT F).
22. RICHARD DUNN DOES NOT POSSES MORE AUTHORITY THEN GLORIA GEITHER, THE DIRECTOR OF RELIGIOUS AND MENTORING PROGRAM(ER).
23. RICHARD DUNN HAS REFUSED TO COMPLY WITH PLAINTIFF'S REQUESTS.
24. RICHARD DUNN IS VERY GOOD FRIENDS WITH BILL SHIPMAN THE ACTING DEPUTY WARDEN, OVER THE RELIGIOUS CALLOUTS.
25. CHAPLIN DUNN TOOK PLAINTIFF'S IMPP 10-110 RELIGIOUS ACCOMMODATION FORM. (SEE EXHIBIT C).
26. CHAPLIN DUNN STILL WOULD NOT ALLOW THE APOSTOLICS A CALLOUT.
27. PLAINTIFF FILED A GRIEVANCE ON THIS SUBJECT MATTER. ON 1-19-2015. (SEE EXHIBIT B).
28. PLAINTIFF FILED AN AMENDED GRIEVANCE WITH ADDITIONAL ATTACHMENTS, ON 1-26-2015. (SEE EXHIBITS A, B, C, E, AND G).
29. PLAINTIFF APPEALED THE WARDEN'S DECISISON UNTO THE SECRETARY OF CORRECTION RAYMOND ROBERTS, ON 2-9-2015. (SEE EXHIBIT H).
30. PLAINTIFF HAS FULLY EXHAUSTED HIS STATE REMEDIES FROM THE ONGOING PROBLEM, BECAUSE EVERY CHAIN OF COMMAND ENVOLVED REFUSED TO COMPLY WITH PLAINTIFF'S REQUEST.
31. EACH DEFENDANT LISTED, VIOLATED A STATE POLICY IMPP 10-110 THE RELIGIOUS PROGRAMS.
32. PLAINTIFFS RECEIVED NONE OF THE REMEDIES PROVIDED BY STATUTE TO PRACTICE THE FREEDOM OF RELIGION. (SEE EXHIBIT H).
33. DEPUTY WARDEN BILL SHIPMAN, REX PRYOR THE WARDEN, AND THE SECRETARY OF CORRECTIONS WERE ALL IN SUPPORT TO REFUSE PLAINTIFF'S FIRST AMENDMENT RIGHT TO THE KANSAS CONST. BILL OF RIGHT 7 AND OF THE UNITED STATES CONST. BILL OF RIGHT.

page 2(e)

34. LANSING CORR. FACILITY OFFICIALS ARE NOTORIOUS FOR RETALIATIONS AND THEREFORE, SANCTIONS SHOULD BE REQUIRED.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

*Marcus Kelley Jr 87331.*
MARCUS KELLEY JR. 87331.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: __Please see attached page 3 (a)__

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):
__Please see attached page 3 (a,b)__

B) (1) Count II: __Please see attached page 3 (a)__

(2) Supporting Facts: __Please see attached page 3 (a,b)__

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                3

page 3(a)

## C. CAUSE OF ACTION

COUNT 1: RENDA CRAFT, IN HER INDIVIDUAL CAPACITY DID WITH RECKLESS DISREGARD AND MALICIOUS INTENT, VIOLATED THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION. WHEN SHE WOULD NOT ALLOW THE PLAINTIFF TO HAVE A SEPARATE CALLOUT FROM THE PROTESTANT CALLOUTS, SO THAT PLAINTIFF MAY ENJOY HIS FREEDOM OF RELIGION.

THESE ACTIONS WERE CONTRARY TO WELL ESTABLISHED AND KNOWN AMENDMENT AND PUBLISHED COURT RULINGS AS WELL AS KANSAS STATUTES AND REGULATIONS.

COUNT 2: RENDA CRAFT, IN HER INDIVIDUAL CAPACITY DID WITH RECKLESS DISREGARD AND MALICIOUS INTENT, VIOLATED THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. WHEN SHE VIOLATED THE ESTABLISHMENT OF RELIGION RIGHT. DEFENDANT USED COERCIVE DEMANDS AGAINST THE APOSTOLICS, TO TEACH AND PRACTICE CONTRARY TO SUIT DEFENDANT'S BELIEF. THIS IS A DEPRIVATION OF LIBERTY INTEREST, AND ESTABLISHMENT CLAUSE.

THESE ACTIONS WERE CONTRARY TO WELL ESTABLISHMENT AND KNOWN AMENDMENT AND PUBLISHED COURT RULINGS AS WELL AS KANSAS STATUTES AND REGULATIONS.

SUPPORTING FACTS: THE FOLLOWING FACTS ARE IN SUPPORT OF COUNTS 1 AND 2.

1. MRS. RENDA CRAFT, IS EMPLOYED AS A RELIGIOUS SECRETARY BY THE K.D.O.C. AT L.C.F.
2. MRS. RENDA CRAFT, IS SWORN UNDER OATH THAT SHE WOULD UPHOLD, COORDINATE, SUPERVISE, AND ADHERE TO THE UNITED STATES CONTITUTION, STATE LAWS AND FACILITY DEPARTMENT POLICIES.
3. IT IS A K.D.O.C. AND G.O. FACILITY DEPARTMENT POLICY THAT DEPUTY SECRETARY OF PROGRAMS AND A DIVISIONAL STAFF MEMBER SHALL NOT UNEQUALLY TREAT INMATES REQUEST OF CERTAIN RELIGIOUS PRACTICES. (SEE EXHIBIT D).
4. MRS. CRAFT IS KNOWN TO UNEQUALLY DISREGARD PLAINTIFF'S RELIGIOUS PRACTICES.
5. MRS. CRAFT HAS ABUSED HER AUTHORITY BY TELLING TRUTH TABERNACLE CHURCH TO CHANGE THEIR TEACHING AND PRACTICES OR GET OUT.
6. MRS. CRAFT IS THE MEDIUM FACILITY RELIGIOUS SECRETARY AND WIFE TO CHAPLIN ALOMOND.
7. SHE HAS DENIED ME OF MY FREEDOM OF RELIGION.
8. PLAINTIFF FILED GRIEVANCE ON MRS. RENDA CRAFT. (SEE EXHIBIT B).

3(b)

9. THIS VIOLATION FROM RENDA CRAFT IS AN ONGOING PROBLEM.
10. MRS. CRAFT IS THE INITIAL DEFENDANT FOR PLAINTIFF AND RUFF'S CALLOUT BEING STOPPED.
11. MRS. CRAFT CONVINCED MR. DUNN THAT HE SHOULD KICK OUT PLAINTIFF'S CHURCH AND CALLOUT, BECAUSE SHE INTERFERRED WITH THE MAXIMUM CHAPLIN'S DUTIES.

ADDITION TO ALL COUNTS

12. DEFENDANT(S) ABILITY TO PLAINTIFF'S UNITED STATES CONSTITUTIONAL RIGHTS WAS GRANTED BY VIRTUE OF KANSAS LAW AND MADE POSSIBLE ONLY BECAUSE DEFENDANT(S) WERE SUPERVISING WHILE POSITIONED WITH AUTHORITY OF KANSAS STATE LAW.

RICHARD DUNN

COUNT 3: RICHARD DUNN, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DISREGARD, DELIBERATE INDIFFERANCE AND MALICIOUS INTENT, VIOLATE FIRST AMENDMENT FREEDOM OF RELIGION RIGHT AND PROTECTIONS OF PLAINTIFF BY KNOWING THE PLAINTIFF DEFENSE IN THE RELIGIOUS ACCOMMODATION (SEE EXHIBIT C). MAXIMUM CHAPLIN DUNN, WAS LIABLE FOR HIS SUBBORDINATE ACTIONS BECAUSE HE KICKED TRUTH TABERNACLE CHURCH OUT, HE KNEW WHAT HIS SUBBORDINATE MEDIUM SECRETARY CRAFT WANTED TO DO. THEREFORE, MAXIMUM CHAPLIN DUNN KNEW HE SHOULD HAVE RECUSED HIMSELF FROM THE RELIGIOUS ACCOMMODATION PROCESS. PLUS, HE WAS AWARE THAT K.D.O.C. ALREADY RECOQNIZES THE APOSTOLIC FAITH AS SEPARATE. (SEE EXHIBIT E).

COUNT 4: RICHARD DUNN, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DIS-REGARD VIOLATED THE FOURTEETH AMENDMENT EQUAL PROTECTION BY ACTUALLY KICK-ING TRUTH TABERNACLE CHURCH OUT AND HE STOPPED US FROM HAVING A CALLOUT OR WOULD NOT LET PLAINTIFFS KELLEY AND RUFF REPRESENT THIS CHURCH FAITH OR SEPARATE OUR CALLOUT FROM THE PROTESTANT FAITHS. THE APOSTOLICS ARE TREATED UNFAIRLY THEN ANY OTHER RELIGIOUS GROUPS.

SUPPORTING FACTS: THE FOLLOWING FACTS ARE IN SUPPORT OF COUNT 3 AND 4.
1. DUNN WAS EMPLOYED AS A MAX CHAPLIN BY K.D.O.C. AT L.C.F.
2. DUNN SIGNED A CONTRACTUAL ARGREEMENT WITH K.D.O.C. AT L.C.F. TO ADHERE TO, UPHOLD, AND FOLLOW DEPARTMENT POLICY IN ACCORANCE WITH K.D.O.C.: IMPP 02-118, WHICH IS AN ETHICAL CONDUCT AGREEMENT.

3 (c)

3. DUNN HAD THE AUTHORITY AND AUDICATY TO SEPARATE PROTESTANTS FROM APOSTOLICS. (SEE EXHIBIT B,C).
4. DUNN SPITEFULLY KICKED OUT THE APOSTOLIC CHURCH(ES), AND WOULD NOT GIVE PLAINTIFF A SEPARATE CALLOUT. (SEE EXHIBIT F).
5. DUNN TRIED TO COERICE PLAINTIFF AND THE APOSTOLICS TO CHANGE THEIR KNOWN FAITH AND PRACTICES.
6. DUNN HAS VIOLATED POLICES AND PROCEDURES FOR NOT BEING IN COMPLANCE WITH PLAINTIFF'S RIGHTS TO FREEDOM OF RELIGION.
7. DUNN CREATED A HOSTILE AND FEARFUL RELIGIOUS ENVIRONMENT BY FORCING THE APOSTOLICS TO REMAIN UNDER THE PROTESTANT UMBRELL. (SEE EXHIBIT A,E,G).
8. DUNN PLACED HIS SUBORDINATE AUTHORITY OVER MRS. GLORIA GEITHER'S. (SEE EXHIBIT E).
9. PLAINTIFF HAS BEEN WITH OUT A CALL SINCE 2013 TIL NOW.
10. DUNN CONTINUES TO VIOLATE PLAINTIFF'S UNITED STATES CONTITUTIONAL RIGHTS OF THE FIRST AND FOURTEETH AMENDMENTS.
11. DUNN CAUSED PLAINTIFF TO EXHAUST HIS ADMINISTRATIVE REMEDIES AT EVERY LEVEL IN K.D.O.C. AT L.C.F.
12. REPRISALS ARE PROHIBITED AS A SAFE GUARD SO THAT DEFENDANT SHALL NOT RETALIATE AGAINST ANY PLAINTIFF(S) MENTIONED. (SEE EXHIBIT F).
13. DUNN KNOWS THAT THERE ARE LOTS OF APOSTOLICS WHO NEED A CALLOUT FOR RELIGIOUS PURPOSES.
14. DUNN ALSO ADMITS TO BEING THE "DEFENDANT TO KICK OUT THE APOSTOLIC CHURCH." (SEE EXHIBIT F).
15. DUNN VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT FOR TRYING HAVE PROTESTANT REPRESENTIVES (WHO TEACH TRINITY GODHEAD/SALVATION), AND NOT ALLOW PLAINTIFFS KELLEY AND RUFF (WHO TEACH ONENESS/JESUS NAME ONLY SALVATION).
16. DUNN KNOWS THAT HE MUST SEPARATE THESE TWO FAITHS SUCH AS MOORISH SCIENCE AND ISLAM. HE KNOWS THAT THESE GROUPS ARE ESTABLISHED FAITHS AND DESERVE SEPARATE CALLOUTS. (SEE EXHIBITS A,B,C,D,F,G).
17. DUNN VIOLATED POLICY AND PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS, BECAUSE IT'S HIS DUTY TO FUNCTION AS A CHAPLIN AND NOT BRING PERJUDICE ACTIONS AGAINST PLAINTIFF.

page 3(d)

COUNT 5: BILL SHIPMAN, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DISREGARD VIOLATE THE FIRST AMENDMENT RELIGION LAND USE AND INSTITUTIONALIZED PERSONS ACT, BY NOT DOING ANYTHING ABOUT THE GRIEVANCES AND RELIGIOUS ACCOMMODATION FILED BY THE PLAINTIFF.

COUNT 6: BILL SHIPMAN, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DISREGARD VIOLATE THE FOURTEETH AMENDMENT EQUAL PROTECTION CLAUSE, BY NOT DOING ANYTHING ABOUT CHAPLIN DUNN NOT SEPARATING THE APOSTOLIC FAITH CALLOUT. BUT WAS ALSO IN FAVOR TO KICK OUT TRUTH TABERNACLE CHURCH AND NOT ALLOW PLAINTIFF TO ENJOY THE CONSTITUTIONAL RIGHT TO THE FREEDOM OF RELIGION.

THIS ACTION WAS CONTRARY TO WELL ESTABLISHED AND KNOWN AMENDMENTS AND PUBLISHED COURT RULINGS AS WELL AS KANSAS STATUTES AND REGULATIONS.

SUPPORTING FACTS: THE FOLLOWING FACTS ARE IN SUPPORT OF COUNT 5 AND 6.

1. MR. BILL SHIPMAN, WAS EMPLOYED AS DEPUTY WARDEN OVER SUPPORT SERVICES.
2. MR. BILL SHIPMAN, HAD THE AUTHORITY AND ABILITY TO REMOVE MRS. CRAFT AND MR. DUNN, FROM THE RELIGIOUS DUTIES IN THE FACILITY THAT CRAFT AND DUNN, WERE ASSIGNED TO.
3. MR. BILL SHIPMAN, IS VERY GOOD PERSONAL FRIENDS WITH RICHARD DUNN.
4. IMPP 10-110 REQUIRES A SPECIFIC STANDARD IN INVESTIGATING SUBSTANTIAL BURDENS ON RELIGIOUS RIGHTS. (SEE EXHIBIT D).
5. MR. BILL SHIPMAN, HAS SIGNED A CONTRACTUAL AGREEMENT WITH THE K.D.O.C. TO ADHERE TO, UPHOLD, AND FOLLOW DEPARTMENT POLICY IN ACCORDANCE WITH K.D.O.C. IMPP 02-118. WHICH IS AN ETHICAL CONDUCT AGREEMENT.

## REX H. PRYOR

COUNT 7: REX H. PRYOR, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DISREGARD VIOLATE THE FIRST AMENDMENT FREEDOM OF RELIGION, BY DOING NOTHING WHEN THE RELIGIOUS ACCOMMODATION AND GRIEVANCE WAS APPEALED TO HIM. (SEE EXHIBIT B,C,G).

COUNT 8: REX H. PRYOR, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DISREGARD VIOLATE THE FOURTEETH AMENDMENT EQUAL PROTECTION CLAUSE, BY DOING NOTHING WHEN HIS SUBORDINATE AUTHORITIES TRIED TO COERCE PLAINTIFF'S CALLOUT TO BELIEVE IN PROTESTANT DOCTRINES. HE WOULD NOT ALLOW THE APOSTOLIC FAITHS TO ENJOY OR PRACTICE THEIR SINCERELY ESTABLISHED RELIGION.

COUNT 9: REX H. PRYOR, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DISREGARD VIOLATED THE FIRST AMENDMENT DELIBERATE INDIFFERENCE, WHEN THE RETALIATION WAS BROUGHT TO HIS ATTENTION AND HE DID NOTHING. (SEE EXIHIBT B).

page 3(e)

THESE ACTIONS WERE CONTRARY TO WELL ESTABLISHED AND KNOWN AMENDMENTS AND PUBLISHED COURT RULINGS AS WELL AS KANSAS STATUTES AND REGULATIONS.

SUPPORT FACTS: THE FOLLOWING FACTS ARE IN SUPPORT OF COUNTS 7,8 AND 9.

1. MR. PRYOR, WAS EMPLOYED AS THE WARDEN BY K.D.O.C. AT L.C.F.
2. MR. PRYOR, WAS SWORN UNDER OATH THAT HE WOULD UPHOLD, ENFORCE, AND ADHERE TO THE UNITED STATES CONSTITUTION, STATE LAWS AND FACILITY DEPARTMENT POLICY.
3. MR. PRYOR, SIGNED A CONTRACTUAL AGREEMENT WITH THE K.D.O.C. TO ADHERE TO, UPHOLD, AND FOLLOWING DEPARTMENT POLICY IN ACCORDANCE WITH K.D.O.C.: IMPP 02-118 and 10-110, WHICH ARE AN ETHICAL/RELIGIOUS AGREEMENTS.
4. THE WARDEN, HAS A PROCEDURAL DUTY TO SEE IF "COMPLIANCE WITH THE RELIGIOUS PROGRAMS," HAS BEEN FOLLOWED.
5. MR. PRYOR, KNEW OF THE 2013 GRIEVANCES FILED AGAINST DEFENDANTS. (SEE EXHIBITS B,G).
6. MR. PRYOR, KNEW OF THE RELIGIOUS ACCOMMODATION FROM PLAINTIFF FILED. (SEE EXHIBIT C).
7. MR. PRYOR, ALLOWED DEFENDANTS TO RETALIATE AGAINST PLAINTIFF AND TRUTH TABERNACLE CHURCH, BECAUSE HE ALLOWED DEFENDANTS TO KICK OUT PLAINTIFF'S CHURCH AND NOT ENFORCE THE SEPARATE CALLOUT COMPLAINT. (SEE EXHIBIT A,B,G).
8. WARDEN PRYOR, HAD THE AUTHORITY AND ABILITY TO STOP THE FIRST AND FOURTEENTH RIGHTS VIOLATION.
9. MR. PRYOR, ALLOWED HIS EMPLOYEES (THE DEFENDANTS) TO KICK OUT MY CHURCH AND NOT GIVE US A SEPARATE CALLOUT FROM THE PROTESTANT DENOMATIONS.

RAYMOND ROBERTS

COUNT 10. RAYMOND ROBERTS, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DIS-VIOLATE THE FIRST AMENDMENT RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSON ACT, SUBSTANTIALLY BURDENS ON RELIGIOUS RIGHTS, BY DOING NOTHING WHEN THE RELIGIOUS ACCOMMODATION AND GRIEVANCES WAS APPEALED TO HIM.

COUNT 11: RAYMOND ROBERTS, IN HIS INDIVIDUAL CAPACITY DID, WITH RECKLESS DISREGARD VIOLATED THE FOURTEENTH AMENDMENT DELIBERATE INDIFFENCE, BY HIS REFUSAL TO CORRECT THE CLEAR DUE PROCESS VIOLATION THAT HE WAS MADE AWARE OF THROUGH THE GRIEVANCE APPEAL PROCESS.

page 3(f)

THIS ACTION WAS CONTRARY TO WELL ESTABLISHED AND KNOWN AMENDMENTS AND PUBLISHED COURT RULINGS AS WELL AS KANSAS STATUTES AND REGULATIONS.
SUPPORTING FACTS: THE FOLLOWING FACTS ARE IN SUPPORT OF COUNT 10 AND 11.

1. RAYMOND ROBERTS, WAS EMPLOYED AS THE SECRETARY OF CORRECTIONS.
2. MR. ROBERTS, WAS SWORN UNDER OATH THAT HE WOULD UPHOLD, ENFORCE, AND ADHERE TO THE UNITED STATES CONSTITUTION, STATE LAWS AND FACILITY DEPARTMENT POLICY.
3. MR. ROBERTS HAD THE AUTHORITY AND ABILITY TO CORRECT THE FIRST AMENDMENT AND FOURTEENTH AMENDMENT VIOLATIONS HE WAS MADE AWARE OF THROUGH THE GRIEVANCE APPEAL PROCESS. (SEE EXHIBIT B,G,H).
4. MR. ROBERTS, THE GRIEVANCE AND RELIGIOUS ACCOMMODATION FORMS WAS APPEALED TO THE SECRETARY OF CORRECTIONS TO NO AVAIL.
5. DEPOSITION AND DISCOVERY WILL BE REQUIRED.

C) (1) Count III: __Please see attached page 3 (b)__

  (2) Supporting Facts: __Please see attached 3 (b,c,d)__

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No [x] . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

  a) Parties to previous lawsuit:

  Plaintiffs: __NO__

  Defendants: __NO__

  b) Name of court and docket number __NO__

  c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __NO__

  d) Issues raised __NO__

page 4 (a)

## 2) REQUEST FOR RELIEF

1. THE ACTION OF DEFENDANT RENDA CRAFT, IS ABUSING HER AUTHORITY TO STOP PLAINTIFF FROM FREEDOM OF RELIGION IN VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.
2. THE ACTION OF DEFENDANT RENDA CRAFT, IN ABUSING HER AUTHORITY TO COERCE PLAINTIFF TO PRACTICE ANOTHER WAY FROM KNOWN AND ESTABLISHED-SINCERELY RELIGIOUS PRACTICES IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
3. THE ACTION OF DEFENDANT RICHARD DUNN, IN ABUSING HIS AUTHORITY TO KICK OUT TRUTH TABERNACLE CHURCH AND STOP PLAINTIFF(S) APOSTOLIC CALLOUT, IN VIOLATION OF FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.
4. THE ACTION OF DEFENDANT RICHARD DUNN, IN ABUSING HIS AUTHORITY TO NOT ALLOW PLAINTIFFS SEPARATE CALLOUT FROM PROTESTANTS AND ALLOW PLAINTIFFS POSITION TO BE THE REPRESENTIVES FOR THIS FAITH AND CHURCH, IN VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION OF THE UNITED STATES CONSTITUTION.
5. THE ACTIONS OF DEFENDANTS DUNN, SHIPMAN, PRYOR AND ROBERTS TO INTERVENE WHEN THE RELIGIOUS GRIEVANCE AND ACCOMMODATION WERE PRESENTED TO THE ATTENTION CONSTITUTIONS A VIOLATION OF THE FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE.
6. THE FAILURE OF DEFENDANTS SHIPMAN, PRYOR, AND ROBERTS TO INVESTIGATE AND DO SOMETHING WHEN THE RETALITION WAS BROUGHT TO THEIR ATTENTION CONSTITUTES A VIOLATION OF THE FIRST AMENDMENT DELIBERATE INDIFFERENCE.
7. THE FAILURE OF DEFENDANTS SHIPMAN, PRYOR AND ROBERTS TO REVERSE AND/OR STOP THE FOURTEENTH VIOLATION THAT THEY WERE MADE CLEARLY AWARE OF CONSTITUTES OF VIOLATION OF THE DELIBERATE INDIFFERENCE.
8. THE FAILURE OF DEFENDANTS PRYOR AND ROBERTS TO TAKE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT AND SUPPRESS THE KNOWN PATTERN OF MALICIOUS DISREGARD TO INMATE'S RIGHT TO EQUAL PROTECTION THAT CONTRIBUTED TO AND PROXIMATELY CAUSED THE VIOLATION OF THE FOURTEENTH AMENDMENT.
9. DEMAND JURY TRIAL.

    WHEREFORE, Plaintiff requests that the court grant the following relief:

page 4(b)

1. THE UNLAWFUL RELIGIOUS TERMINATION BY DEFENDANTS CRAFT, DUNN, SHIPMAN, PRYOR AND ROBERTS VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE <u>FIRST AMENDMENT</u>.
2. THE UNFAIR TREATMENT BY DEFENDANTS CRAFT, DUNN, SHIPMAN, PRYOR AND ROBERTS VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE <u>FOURTEENTH AMENDMENT</u>.
3. THE RETALIATION FOR REDRESSING GRIEVANCES BY DEFENDANTS CRAFT, DUNN, PRYOR AND ROBERTS VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE <u>FOURTEENTH AMENDMENT</u>.

B. AWARD COMPENSATORY DAMAGES IN FOLLOWING AMOUNTS.
1. $ 10.00 JOINTLY AND SEVERALLY AGAINST DEFENDANTS CRAFT, DUNN, PRYOR AND ROBERTS FOR THE PSYCHOLOGICAL DAMAGE INCLUDING PERSONAL HUMILIATION AND MENTAL ANGUISH. MENTAL ANGUISH FROM IDLENESS AND HOSTILE WORKING ENVIRONMENTS AS A RESULT OF THE UNLAW RELIGIOUS TERMINATION.
2. $ 10.00 JOINTLY AND SEVERALLY AGAINST DEFENDANTS CRAFT, DUNN, PRYOR AND ROBERTS FOR THE PUNISHMENT INCLUDING DEPRIVATION OF LIBERTY, LOSS OF APOSTOLIC BIBLES, TRACKS, BOOKS, PRINTS OUT, COMMUNION...ETC., AND RETALIATION IN CONNECTION TO THE KICK OUT OF THE APOSTOLIC CHURCH FROM GRIEVANCES AND ACCOMMODATION FILED AGAINST RENDA CRAFT.

C. AWARD NOMINAL DAMAGES IN THE FOLLOWING AMOUNT:
1. $ 1.00 AGAINST DEFENDANTS CRAFT, DUNN, SHIPMAN, PRYOR AND ROBERTS FOR THE DENIAL OF FREEDOM OF RELIGION.

D. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT:
1. $ 200.00 EACH AGAINST DEFENDANTS CRAFT, DUNN, SHIPMAN, PRYOR AND ROBERTS FOR DOING NOTHING LEADING UP TO THE FIRST AMENDMENT VIOLATION.
2. $ 200.00 EACH AGAINST DEFENDANTS CRAFT, DUNN, SHIPMAN, PRYOR AND ROBERTS FOR THE UNLAWFUL RELIGIOUS TERMINATION THAT CRAFT AND DUNN WERE KNOWN CONSISTENTLY DOING AS A STANDARD.
3. $ 200.00 EACH AGAINST DEFENDANTS CRAFT, DUNN, SHIPMAN, PRYOR AND ROBERTS FOR THE RETALIATION AND DOING NOTHING ABOUT IT.
4. $ 200.00 EACH AGAINST DEFENDANTS DUNN, SHIPMAN, PRYOR AND ROBERTS FOR CONSISTENT MALICIOUS ACTIONS OF EQUAL PROTECTION VIOLATIONS THAT DUNN WERE COMMITTING.

e) Approximate date of filing lawsuit _____NO_____

f) Approximate date of disposition _____NO_____

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

SEE GRIEVANCE/AMENDMENT GRIEVANCE, ACCOMMODATION, LETTERS, FORM-9, APPEAL FORMS, AND AFFIDAVITS. ALSO RELIGIOUS TRACK ATTACHMENTS AND A STATEMENT OF FAITH LETTER. (SEE ALL EXHIBITS).

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Please see attached pages 4 (a,b)

_____        _Marcus Kelley Jr._____
Signature of Attorney (if any)                        Signature of Petitioner

_____
(Attorney's full address and telephone number)

XE-2 8/82                       CIVIL RIGHTS COMPLAINT §1983                          5