Marcus W. Kelley Jr. 87331
Name

L.C.F., P.O. Box 2; 301 E. Kansas Ave.

Lansing, Kansas 66043-0002
Address

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARCUS KELLEY JR , Plantiff
*(Full Name)*

v.

RENDA CRAFT , Defendant (s)

CASE NO. 15-3080-CM-DJW
*(To be supplied by the Clerk)*

AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Marcus W. Kelley Jr, 87331, is a citizen of Kansas
*(Plaintiff)* *(State)*

who presently resides at L.C.F., P.O. Box 2; 301 E Kansas Ave.
*(Mailing address or place*
Lansing, Kansas 66043 .
*of confinement)*

2) Defendant Renda Craft is a citizen of
*(Name of first defendant)*

Lansing, Kansas (66043) , and is employed as
*(City, State)*

A Volunteer Coordinator . At the time the
*(Position and title, if any)*

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

Please see page 2 (A)

Additional defendants on pages 1 (A)

page 1 (A)

DEFENDANTS

Renda Craft
Volunteer Coordinator
Lansing Corr. Facility
Individual & Official Capacities

Bill Shipman
Deputy Warden (Support Services)
Lansing Corr. Facility
Individual & Official Capacities

Rex H. Pryor
Warden
Lansing Corr. Facility
Individual & Official Capacities

Raymond Roberts
Secretary of Corrections
900 S.W. Jackson, 4th. Fl.
Topeka, KS 66612
Individual & Official Capacities

page 2 (A)

A. JURISDICTION

Defendant, Renda Craft, is a citizen of the State of Kansas, employed as a Volunteer Coordinator by the Kansas Department Corrections at Lansing Corr. Facility, 301 E. Kansas Ave., Lansing KS 66043.  At the time claims in this complaint arose Ms. Craft was acting under color of state law.  Ms. Craft had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

Defendant, Bill Shipman, is a citizen of the State of Kansas, employed as a Deputy Warden by the Kansas Department Corrections at Lansing Corr. Facility, 301 E. Kansas Ave., Lansing, KS 66043.  At the time claims in this complaint arose Mr. Shipman was acting under color of state law.  Mr. Shipman had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

Defendant, Rex H. Pryor, is a citizen of the State of Kansas, employed as a Warden by the Kansas Department Corrections at Lansing Corr. Facility, 301 E. Kansas Ave., Lansing, KS 66043. At the time claims in this complaint arose Mr. Pryor was acting under color of state law.  Mr. Pryor had a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

Defendant, Raymond Roberts, is a citizen of the State of Kansas, employed as Secretary of Corrections by the Kansas Department Corrections, 900 S.W. Jackson, Suite 400, Topeka, KS 66612. At the time the claims in this complaint arose Mr. Roberts was acting under color of state law.  Mr. Roberts has a sworn duty to uphold, enforce, and adhere to facility department policy and the United States Constitution.

3) Defendant _____ N/A _____ is a citizen of
                    *(Name of second defendant)*

_____, and is employed as
            *(City, state)*

_____. At the time the
            *(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law?  Yes ☐  No ☐ . If your answer is "Yes", briefly explain:

_____

_____

(Use the back of this page to furnish the above information for additional defendants.)


4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

Jurisdiction is also invoked pursuant
42 U.S.C. 2000 cc (b) (1), (2) and (3)

## B.  NATURE OF THE CASE

1) Briefly state the background of your case:

Please see pages 2 (B) - (D)

_____

_____

_____

_____

_____

_____

2

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

page 2 (B)

B. NATURE OF THE CASE

1.   This Church has been coming into Lansing Correctional
     Facility, for 10 years, and this is the third time
     Truth Tabernacle Church has been forced out.  (see Exhibit
     A).

1. (changed): In 2001, Cordell Jackson, a member of Truth
     Tabernacle Church (TTC) started the Spirit of Freedom
     program (under the United Pentecostal Church) at Lansing
     Corr. Facility (LCF).  They were really forced out March
     2008, October 2008, and October 2013.


2.   Approximately around March or April of 2013, Plaintiff
     filed a grievance against Renda Craft, the initial Defendant
     in the grievance.  (see Exhibit B).

2. (changed): Apporoximately around September 2013, Plaintiff
     filed a grievance against Renda Craft the initial Defendant
     in the grievance.


3.   Mr. Tillman, was also the acting unit team in B-2 cellhouse,
     who helped insist Plaintiff's issues.  However, he is now
     retired.


4.   Renda Craft, never answered my grievance or even given
     Plaintiff a response form, but Mr. Tillman, referred me to
     Richard Dunn.


5.   On 4-12-2013, Plaintiff filed a religious accommodations
     form and turned it over to Max. Chaplain Richard Dunn.

5. (changed): On October, November of 2013, Plaintiff filed a
     religious accommodations form and turned it over to Max.
     Chaplain Richard Dunn.  (see exhibit D).


6.   Mr. Dunn, filed the IMPP 10-110 religious accommodations
     and sent it to the Director of Religious and Mentoring
     Programmer, Gloria Geither.  (see Exhibit D).

page 2 (σ)

7.  In the process, Gloria Geither, sent Plaintiffs Kelley
    and Ruff, letters.  On 1-14-2014, but received letters on
    4-15-2014.  (see, Exhibit E).

8.  Plaintiff has an affidavit of names and a statement of
    faith.  (see, Exhibit F).

9.  Plaintiff's Church Pastor sent a letter.  (see, Exhibit A).

10. Defendants disregared the letter.  (see, Exhibit B).

11. Plaintiffs Ruff and Kelley, formed-9 Chaplain's office,
    on 4-17-2014, about Gloria Geither's letter, but Chaplain
    still disregarded to separate our faith.  (see, Exhibit
    E).

12. Renda Craft is the initial defendant whom began the actions;
    TTC volunteers, and our callout.

13. Removed.

14. Renda Craft is the Medium's Facility Religious Secretary
    and not a Maximum Chaplain.
14. (changed): Renda Craft is the Volunteer Coordinator and
    not a Maximum Chaplain.

15. Renda Craft abused her authority by influencing Mr. Dunn
    to kick out Truth Tabernacle Church.

16. Renda Craft then told Truth Tabernacle Church volunteers to
    change their doctrine.

17. through 26. "All accustions against defendant Richard
    Dunn should be disregarded, because Plaintiff could
    not get an address from him.  Therefore, all paragraphs
    that I complained about him must be disregarded.

page 2 (D)

27. Plaintiff filed an grievance on this subject matter.
    On 1-19-2015 (see, Exhibit B).

28. Plaintiff filed an amended grievance with additional
    attachments, on 1-26-2015. (see, Exhibits A,B,C,E, and G).

29. Plaintiff appealed the Warden's decision unto the Secretary
    of Correction Raymond Roberts, on 2-9-2015. (see Exhibit
    H).

30. Plaintiff has fully exhausted his state remedies from
    the ongoing problem, because every chain of command envolved
    refused to comply with Plaintiff's request.

31. Each defendant listed, violated a state policy IMPP 10-110
    the Religious programs.

32. Plaintiffs received none of the remedies provided by
    statute to practice the Freedom of Religion. (see, Exhibit
    H).

33. Deputy Warden Bill Shipman, Rex Pryor the Warden, and the
    Secretary of Corrections were all in support to refuse
    Plaintiff's First Amendment right to the Kansas Const.
    Bill of Right 7 and of the United States Const. Bill of
    Right.

34. Lansing Correction Facility Officials are notorious for
    retaliations and therefore, sanctions should be required.

I DECLARE UNDER PENALTY OF PEJURY THAT THE FOREGOING IS TRUE
AND CORRECT.


                                    87331
                      MARCUS W. KELLEY, JR. 87331

### C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Please see pages 3(A) -

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

Please see pages 3(B) - (D)

B) (1) Count II: Please see 3(a)

(2) Supporting Facts: Please see pages 3(B)-(D)

XE-2 8/82                     CIVIL RIGHTS COMPLAINT §1983

C) (1) Count III: _please see pages 3(D)-(K)_

(2) Supporting Facts: _please see pages 3(E)-(K)_

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit:

        Plaintiffs: _NO_

        Defendants: _NO_

    b) Name of court and docket number _NO_

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _NO_

    d) Issues raised _NO_

4

        CIVIL RIGHTS COMPLAINT §1983

page 3 (A)

# C. CAUSE OF ACTION

Count 1: Renda Craft, In her Individual and Official Capacity did with reckless disregard and Malicious intent, violated the First Amendment of the United States Constitution. When she would not allow the plaintiff to have a seporate callout from the Protestant callouts, so that Plaintiff may enjoy his Freedom of Religion.
These actions were controry to well established and known amendment and published court rulings as well as Kansas Statutes and Regulations.

Count 2: Renda Craft, In her Individual and Official Capacity did with reckless disregard and Malicious intent, violated the Fourteenth Amendment of the United States Constitution. When She violated the establishment of Religion Right. Defendant Used coercive demands against the Apostolics, to teach and practice contrary to suit defendant's belief. This is a deprivation of liberty interest, and establishment clause.

These actions were contrary to well

page 3(B)

established and known amendment and
published court rulings as well as Kansas
Statutes and regulations.

<u>Supporting Facts</u>: The following facts are in
Support of count 1 and 2.

1. Ms. Craft, is employed as a Religious
Secretary by the KDOC at LCF.

1.(a) Ms. Craft, is employed as a Volunteer
Coordinator by the KDOC at LCF.

2. Ms. Craft, is sworn under oath that she
would uphold, coordinate, supervise, and adhere
to the United States Constitution, State laws,
and Facility departmental policies.

3. It is a KDOC and G.O. facility department
policy that Deputy Secretary of programs
and a divisional staff member shall not
unequally treat inmates request of certain
religious practices. (see exhibit D.).

3.(a) It is a KDOC and G.O. facility department
policy that Volunteer designated with the

page   3(CC)

unequally treat inmates requests of certain religious practices. (see exhibit D)

4. Ms. Craft, is known to unequally disregard Plaintiff's religious practices.

5. Ms. Craft, has abused her authority by telling Truth Tabernacle Church to change their teaching and practices or get out.

6. Removed.

7. She has denied.   me of my Freedom of Religion.

8. Plaintiff filed grievance on Ms. Renda Craft. (see exhibit B).

9. This violation from Renda Craft is an ongoing problem.

10. Ms. Craft is the initial Defendant for Plaintiff and Ruff's callout being stopped.

11. Ms. Craft convinced Mr. Dunn that he should kick out plaintiff's Church and callout,

page 3 (D)

duties.

## ADDITION TO ALL COUNTS

12. Defendant(s) ability to plaintiff's United
    States Constitutional rights was granted by
    Virtue of Kansas law and made possible
    only because defendant(s) were supervising
    While positioned with authority of Kansas State
    law.

## RICHARD DUNN

<u>Count 3:</u> Disregard, Plaintiff couldn't find
defendant's address soon enough, or file proper papers.

<u>Count 4:</u> Disregard.

<u>Supporting Facts:</u> Disregard.

1. - 17. Disregard

<u>Count 5:</u> Bill Shipman, in his Individual and
Official Capacity did, with reckless disregard
violate the First Amendment Religion Land
Use and Institutionalized Persons Act, By
not doing anything about the grievances and

page 3(E)

Count 6: Bill Shipman, in his Individual and Official Capacity did, with reckless disregard violate the fourteenth Amendment Equal Protection Clause, by not doing anything about the Maximum Chaplain for not separating the Apostolic Faith callout. But was also in favor to kick out Truth Tabernacle Church and not allow Plaintiff to enjoy the Constitutional right to the Freedom of Religion.

This action was contrary to well established and know amendments and published court rulings as well as Kansas statutes and regulations.

Supporting Facts: The following facts are in support of count 5: and 6.

1. Mr. Bill Shipman, was employed as deputy warden over support services.

2. Mr. Bill Shipman, had the authority and ability to remove Ms. Craft, from the religious duties in the facility that Craft, was assigned to.

page 3 (F)

3. Remove this line.

4. IMPP 10-110 requires a specific stand-
ard in investigating substantial burdens
on religious rights. (see exhibit D).

5. Mr. Bill Shipman, has signed a contrac-
tual agreement with the KDOC to adhere
to, uphold, and follow department policy in
accordance with KDOC IMPP 02-118, which
is an ethical conduct agreement.

Count 7: Rex H. Pryor, in his Individual
and Official Capacity did, with Reckless
disregard violate the First Amendment
Freedom of Religion, by doing nothing
when the religious accommodation and
grievance was appealed to him. (see
exhibit B, C, G).

Count 8: Rex H. Pryor, in his Individual
and Official Capacity did, with Reckless
disregard violate the Fourteenth Amendment
Equal Protection Clause, by doing nothing
when his subordinate authorities tried
to coerce Plaintiff's call-out to believe

page 3 (G)

allow the Apostolic Faiths to enjoy
or practice their sincerely established
religion.

Count 9: Rex H. Pryor, In His Individual
and Official capacity did, with reckless
disregard violate the        First Amendment
Deliberate Indifference, When the retaliation
Was brought to his attention and he did
nothing. (see exhibit B).

        THESE actions were contrary to
Well established and known amendments
and published court rulings as well as
Kansas Statutes and Regulations.

Supporting Facts: The following facts are in
support of counts 7, 8, and 9.

1. Mr. Pryor, was employed as the Warden
   by KDOC at LCF.

2. Mr. Pryor, was sworn under oath that
   he would uphold, enforce, and adhere to
   the United States Constitution, State laws
   and Facility Department Policy.

page 3(H)

3. Mr. Pryor, signed a contractual agreement
with the KDOC to adhere to, uphold,
and following department policy in accordance
with KDOC ImPP 02-118 and 10-110, which
are an ethical/religious agreements.

4. The Warden, Has a procedural duty to
see if "Compliance with the religious
programs," has been followed.

5. Mr. Pryor, knew of the 2013 grievance and
("2015")filed against      defendants. (see
exhibits B, G).

6. Mr. Pryor, knew of the religious
accommodation from plaintiff filed. (see
exhibit C.)

7. Mr. Pryor, allowed Defendants to retal-
iate against plaintiff      and truth
Tabernacle Church, because he allowed
defendants to kick out plaintiff's      -
church and not enforce the seporate
collout complaint.  (see exhibit A, B, G.).

page 3 (I)

8. Warden Pryor, had the authority and ability to stop the First and Fourteenth rights violation.

9. Mr. Pryor, allowed his employees (The Defendants) to kick out my church and not give us a separate callout from the Protestant Denomations.

Count 10: Raymond Roberts, In his Individual and Official Capacity did, with reckless disregard violated the First Amendment Religious Land Use and Institutionalized Person Act, substantially Burdens on Religious Rights, by doing nothing when the Religious Accommodation and grievances was appealed to him.

Count 11: Raymond Roberts, In his Individual and Official Capacity did, with reckless disregard violated the Fourteenth Amendment Deliberate Indifferance, by his refusal to correct the clear due process violation that he was made aware of through the grievance appeal process.

page 3(J)

This action was contrary to well
established and known amendments and
published court rulings as well as Kansas
Statutes and regulations.


Supporting Facts: The Following facts are
in support of count 10 and 11.


1. Raymond Roberts, was employed as the
   Secretary of Corrections.


2. Mr. Roberts, was sworn under oath that
   he would uphold, enforce, and adhere to
   the United States Constitution, State laws
   and Facility Department policy.


3. Mr. Roberts had the authority and
   ability to correct the First Amendment
   and Fourteenth Amendment violations he
   was made aware of through the
   grievance appeal process. (see Exhibit
   B, G, H).


4. Mr. Roberts, the grievance and religious
   accommodation forms was appealed to
   the Secretary of Corrections to no avail.

page 3 (K)

5. Deposition and Discovery will be required.

e)  Approximate date of filing lawsuit _____ NO _____

f)  Approximate date of disposition _____ NO _____

1)  I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

_See grievance/Amended grievance, accommodation letters, form-9, appeal forms, and affidavits. Also religious track attachments and a statement of faith letter. (See all exhibits)._

2)  REQUEST FOR RELIEF

1)  I believe that I am entitled to the following relief:

_Please see pages 4(A)+(B) and 4(C)→(G)_

_____          _M.H.J. #8733l_
Signature of Attorney (if any)          Signature of Petitioner

_____          _Case No. 15-3080-CM-DJW_
                                          _AMENDED 1983_

_____

_____
(Attorney's full address and telephone number)

page  4(A)

## 2. Claims For Relief

1. The action of defendant Renda Craft, is
abusing her authority to stop Plaintiff
from freedom of Religion in violation of
the First Amendment of the United States
Constitution.

2. The action of defendant Renda Craft, in
abusing her authority to coerce plaintiff
to practice another way from known and
established-sincerely religious practices in
Violation of the Fourteenth Amendment of the
United States Constitution.

3. Disregard Richard Dunn.

4. Disregard Richard Dunn.

5. The actions of defendants Shipman, Pryor,
and Roberts to intervene when the religious
grievance and accommodation were presented
      to the attention constitutions a
violation of the Fourteenth Amendment deliberate
indifference.

page 4 (B)

6. The failure of defendants Shipman, Pryor, and Roberts to investigate and do something when the retalition was brought to their attention constitutes a violation of the First Amendment Deliberate Indifference.

7. The failure of defendants Shipman, Pryor, and Roberts to reverse and/or stop the Fourteenth amendment violation that they were made clearly aware of Constitutes a violation of the deliberate indifference.

8. The failure of defendants Pryor and Roberts to take Religious Land Use and Institution-alized Persons act and suppress the known pattern of Malicious disregard to inmate's right to equal protection that Contributed to and proximately caused the violation of the Fourteenth Amendment.

9. Demand Jury Trial.

page 4 (CC)

## Request For Relief

WHEREFORE, Plaintiff request that the court grant the follow relief

A. Issue a declaratory judgment stating that:

1. The unlawful religious termination by defendants Croft, Shipman, Pryor and Roberts violated the plaintiff's rights under the First Amendment. to the United States Constitution and constituted substantial pressure and coercion to substantially modify my behavior and violate my beliefs under state law.

2. The unfair treatment by defendants Craft, Shipman, Pryor and Roberts violated the plaintiff's rights under the Fourteenth Amendment.

3. The retaliation for redressing grievances by defendants Craft, Pryor, and Roberts violated the Plaintiff's rights under the Fourteenth Amendment.

B. Issue an Injunction ordering defendant Craft, or her designees to:

page 4 (D)

1. Immediately furnish plaintiff with a Chapel room for worship;

2. Immediately arrange for the plaintiff to have a separate callout from Protestant denominations;

3. Carry out without delay the respectful treatment of outside volunteers in support of plaintiff's Oneness Apostolic belief;

4. Permenately assign the Oneness Apostolics to the KDOC's religious accommodation, affiliation information sheet, as other faiths.

C. Issue an Injunction ordering defendants Craft, Shipman, Pryor and Roberts designees, or their agents to:

1. Release the Plaintiff(s) from Protestant umbrell and place him in the Oneness Pentecostal umbrell, with restoration of all rights and privileges.

2. Expunge the inmates form-9's described

page 4 (E)

institutional record, and other such
actions against T.T.C. volunteers.

3. Terminate all Protestant envolvements,
including their inmate chapel representives
and immediately allow plaintiff's callout
to be represented by their own inmates
of similary faith.

D. Award Compensatory damages in following
Amounts.

1. $10.00 Jointly and severally against defendants
Craft, Pryor, Roberts for the Psychological
damage including personal humiliation and
mental anguish. Mental anguish from
idleness and hostile religious working
environments as a result of the unlaw
religious termination.

2. $10.00 Jointly and severally against defendants
Craft, Pryor and Roberts for the punishment
including Deprivation of Liberty, loss of
Apostolic Bibles, Tracks, Books, Print Outs,
Communion ... etc., and retaliation in connection
to the kick out of the Apostolic Church
from grievances and accommodation filed

against Renda Craft.

E. Award Nominal Damages in the following Amount:

1. $1.00 against defendants Craft, Shipman, Pryor and Roberts for the denial of Freedom of Religion.

F. Award Punitive damages in the following Amount:

1. Allow the Courts to decide each against defendants Craft, Shipman, Pryor, and Roberts for doing nothing leading up to the First Amendment violation.

2. Allow the courts to decide each against defendants Craft, Shipman, Pryor, and Roberts for the unlawful religious termination that Craft was known consistently doing as a standard.

3. Allow the courts to decide each against defendants Craft, Shipman, Pryor, and Roberts

page 4(G)

protection violations that Craft, (et. al. defendants) were committing.

G. Grant such other relief as it may appear that Plaintiff is entitled.