# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARCUS W. KELLEY, JR.,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 15-3080 |
| **RENDA CRAFT, et al.,** | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the court on the motion to dismiss filed by Rex H. Pryor and Raymond Roberts (Doc. 51). Plaintiff did not timely file a response to the motion to dismiss, and the court entered an order to show cause why the motion should not be granted as uncontested. Plaintiff failed to timely respond to the order to show cause. The court therefore considers the merits of defendants' uncontested motion to dismiss.

Plaintiff Marcus W. Kelley, Jr., an inmate at Lansing Correctional Facility ("LCF"), filed this case pro se, alleging constitutional violations under 42 U.S.C. § 1983 and violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Generally, plaintiff claims that defendants' recognition and classification of his faith as a form of Protestantism—and denial of a segregated callout for those of his Apostolic or Pentecostal faith—violated his rights under the First and Fourteenth Amendments. Plaintiff seeks money damages and an injunction allowing a segregated callout.

Specifically with respect to defendants Pryor and Roberts, plaintiff claims that these defendants failed to intervene or investigate when they received his grievances. At all relevant times, defendant

-1-

Pryor was the warden of LCF and defendant Roberts was the Secretary of the Kansas Department of Corrections ("KDOC").

Defendants Pryor and Roberts argue that they are entitled to qualified immunity because plaintiff failed to allege a violation of his constitutional rights. Specifically, defendants claim that plaintiff only alleges that they failed to properly address his grievances related to religious practices. According to defendants, these allegations are insufficient to show their personal participation in the allegedly unconstitutional acts.

Qualified immunity protects government officials from individual liability under § 1983 unless their conduct "violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1250 (D. Kan. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (noting that qualified immunity analysis is identical under 42 U.S.C. § 1983 and *Bivens*). When a defendant raises qualified immunity, the plaintiff must show that (1) the defendant's actions violated a constitutional or statutory right and (2) the right violated was clearly established at the time of the conduct in issue. *Schroeder*, 311 F. Supp. 2d at 1250. The court may consider either prong of the qualified immunity test first. *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The court first decides whether plaintiff has alleged a deprivation of a constitutional right. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004). Individual liability under § 1983 must be based on personal involvement. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (citation omitted). And the law is clear that denial of a grievance is insufficient to constitute personal participation in a constitutional violation. *Gallagher*, 587 F.3d at

1069; *see also Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Moreover, plaintiff must allege more than that a defendant was a supervisor or in charge at the jail. A defendant cannot be held liable for money damages in a civil rights action based solely upon his or her supervisory capacity under the theory of respondeat superior. *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

Here, plaintiff fails to state a constitutional violation. He claims that defendants Pryor and Roberts hold supervisory positions and violated his First and Fourteenth Amendment rights by neglecting to do anything about the grievances and religious accommodation request filed by plaintiff. (Doc. 48 at 15–19). This allegation is insufficient to allege an "affirmative link" between the actions of defendants Pryor and Roberts and any clearly established constitutional violations. *Stewart*, 701 F.3d at 1328; *see also Dodds v. Richardson*, No. 09–6157, 2010 WL 3064002, at *8–10 (10th Cir. Aug. 6, 2010) (reviewing standards for § 1983 supervisory liability in light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); holding stricter burden on plaintiff still requires affirmative link; plaintiff must establish (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation); *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (holding that a supervisor is not liable under § 1983 unless an "affirmative link" exists between the constitutional deprivation and the supervisor's personal participation).

Defendants also summarily state that the claims for injunctive relief against them should be dismissed for failure to state a claim. They do not address plaintiff's RLUIPA claims. Although there may be grounds for dismissal of these claims, the court will not construct the arguments for defendants, and the court does not dismiss them at this time.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. 51) is granted in part. The § 1983 claims against defendants Pryor and Roberts in their individual capacities are dismissed. The official capacity claims, as well as the RLUIPA claims and request for injunctive relief remain.

Dated this 31st day of May, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
